IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| STEFFENIE KAY DODDY | § | |
| v. | § | CIVIL ACTION NO. 2:12CV384 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER**

On June 25, 2012, Plaintiff initiated this civil action pursuant to the Social Security Act (The Act), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. Pursuant to 28 U.S.C. § 636(c), the case was assigned to the undersigned for disposition.

**I.     HISTORY**

Born in 1965, Plaintiff was 41 years old at the time of her disability onset date and was 44 years old on the date of the ALJ's decision. *See* Transcript ("Tr.") at 21 (Administrative Law Judge ("ALJ") decision). Plaintiff completed the 11th grade of high school in a Special Education program, and can communicate in English. *See* Tr. at 21, 35. Plaintiff did not complete high school. *See id*.

On November 20, 2008, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See* Tr. at 12. In her application, she alleged disability beginning March 1, 2007. *Id*. Records show that Plaintiff suffers from back problems and anxiety. *See* Tr. at 14. Also, Plaintiff is obese, and has a low I.Q. *See id*.

Plaintiff's claim was denied initially on March 5, 2009. *See* Tr. At 12. The claim was denied on reconsideration on June 15, 2009. *Id*. Plaintiff sought review of the denial. An administrative

1

hearing was conducted before the ALJ on February 22, 2010. *See* Tr. at 12; 28-47 (transcript of administrative hearing). Plaintiff appeared and testified, represented by counsel. *Id*. A vocational expert, Tammie Donaldson, testified during the hearing. *Id*.

The ALJ issued an unfavorable decision on August 9, 2010, finding that, through the date of the ALJ's decision, the Plaintiff was not disabled. *See* Tr. at 21. Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. *See* Tr. at 21.

At the request of Plaintiff, the Appeals Council (AC) reviewed the ALJ's decision in conjunction with the entire record. On April 24, 2012, the AC denied Plaintiff's request for review. *See* Tr. at. 1. Therefore, the AC's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Plaintiff now seeks judicial review of the decision pursuant to 42 U.S.C. § 405(g).

**II.    STANDARD**

Title II of the Act provides for disability insurance for workers who are disabled. Title XVI of the Act provides for supplemental security income for the disabled. The relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See Davis v. Heckler*, 759 F.2d 432, 435, n.1 (5th Cir. 1985); *Rivers v. Schweiker*, 684 F.2d 1144, 1146, n. 2 (5th Cir. 1982); *Strickland v. Harris*, 615 F.2d 1103, 11055th (5th Cir. 1980).

Judicial review of the denial of disability benefits under section 205(g) of the Act, 42, U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical

evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435; *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988); *see Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000); Social Security Ruling ("SSR") 96-5p.

"Substantial evidence is more than a scintilla but less than a preponderance – that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 Fed.Appx. 382, 383 (5th Cir.2003); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir.1994). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The Court must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985). The Court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that

there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42. U.S.C. § 405(g) (2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). Under the five-step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I.

Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f).

An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id.* To obtain Title II disability benefits, Plaintiff must show that he was disabled on or before the last day of his insured status. *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir.1981), *cert. denied*, 455 U.S. 912, 102 S. Ct. 1263, 71 L. Ed. 2d 452 (1982). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989) (per curiam). In this case, Plaintiff did show that she cannot perform her past work.

Section 12.05 of the Social Security Administration's Listings of Impairments dictates the requirements for finding a claimant disabled as a result of mental retardation. 20 CFR Pt. 404, Subpt. P, App. 1, Listing 12.05. According to the introductory paragraph of Section 12.05 of the Listings, "mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." *Id.* In order to be found disabled under Listing 12.05, a claimant must meet the diagnostic criteria of the introductory paragraph and the severity requirements of any of the subsequent four subsections. Subsection B dictates a finding of disability when a claimant has a valid verbal, performance, or full scale IQ of 59 or less. *Id.*

Under *Randall v. Astrue*, 570 F.3d 651, 659-61 (5th Cir. 2009), a claimant must show under Section 12.05 of the Listings that he has (1) significant subaverage intellectual functioning, (2) deficits in adaptive behavior, (3) which began before age 22.

### III. ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in the August 9, 2010, decision:

The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

The claimant has not engaged in substantial gainful activity since March 1, 2007, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

The claimant has the following severe impairments: back problems and anxiety (20 C.F.R. § 404. 1520 and 416.920(c).

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally stoop, crouch, crawl, kneel, balance, and climb stairs, however, she can never climb ladders. Due to psychological based factors, the claimant has some limitations, but can understand, remember, and carry out simple instructions; make simple decisions; sustain concentration and persistence for extended periods of time; interact adequately with coworkers and supervisors; and respond appropriately to changes in a routine work setting.

The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565 and 416.965).

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. § 404.1569, 404.1569(a), 416.969, and 416.969(a)).

The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2007, through the date of this decision (20 C.F.R. § 404.1520(g) and 416.920(g)).

*See* Tr. at 14-21.

The ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614 (a)(3)A) of the Social Security Act. *See* Tr. at 21-22.

### IV. DISCUSSION AND ANALYSIS

Plaintiff asserts she cannot work because she suffers from obesity and is mentally retarded, and that the ALJ did not employ the correct legal standards in evaluating these factors. *See* Plaintiff's Brief ("Pl. Br.") at 4-5.

### A. The ALJ's Step Two Findings on Obesity

At Step Two of the sequential evaluation, the ALJ found that Plaintiff had back problems and anxiety that were severe impairments according to the standard set forth in Stone. *See* Tr. at 10, Finding 3. Plaintiff argues the ALJ's decision must be reversed because the ALJ found that Plaintiff's obesity was nonsevere; and, in doing so, cited a severity standard that is different from the standard expressed in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985). *See* Pl. Br. at 4-5. Plaintiff's case, however, was not resolved on a Step Two finding that her impairments were not severe. Rather, the ALJ found that Plaintiff had severe impairments, but despite those impairments, concluded that Plaintiff was not disabled because her RFC permitted her to perform jobs that existed in significant numbers in the economy. *See* Tr.at 14-22.

A claimant must establish, at Step Two of the sequential evaluation process, that she has a medically determinable severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The Step Two evaluation is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). Once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923; *see also* 20 C.F.R. §§ 404.1545 (a)(2), 416.945(a)(2).

Under the regulations, the ALJ is required to determine whether any identified impairments are "severe" or "not severe". A failure to do so, however, is not a basis for remand where the ALJ proceeds to later steps of the sequential evaluation process. *Herrera v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 899, 903 (5th Cir. 2010); *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987).

In this case, the ALJ did not end his evaluation at Step Two. He expressly considered Plaintiff's obesity and other impairments subsequent to his Step Two evaluation. *See* Tr. at 15-21. Therefore, this argument is without merit. *See Herrera*, 406 Fed. Appx. at 903, n. 2.

Plaintiff further challenges the ALJ's decision by arguing that "it is unclear whether the ALJ's [residual functional capacity finding] includes obesity related limitations, especially those associated with the impact of Plaintiff's obesity has on her severe back impairment." *See* Pl. Br. at 5. The Commissioner responds that Plaintiff has failed to demonstrate any limitations from obesity. *See* Comm'r Br. at 5. Plaintiff is 59 inches tall (4 feet 11 inches) and, at the time of her consultative examination on February 17, 2009, weighed 252 pounds. *See* Tr. at 236. With a Body Mass Index (BMI) of 50.9, Plaintiff's obesity is qualified as "extreme" and falls under Level III of the National Institute of Health's Clinical Guidelines, which denotes obesity resulting in a BMI of 40 or greater and represents the greatest risk for developing obesity-related impairments. *See* Social Security Ruling (SSR) 02-1p.

It must be noted that a diagnosis of obesity does not establish a severe impairment or the existence of functional limitation. Social Security Ruling (SSR) 02-01p specifically provides that "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment," and the ALJ "will not make assumptions about the severity or functional effects of obesity . . . ." SSR 02-01p. The ruling instructs the adjudicator to evaluate each case "*based on the information in the case record*." *Id*. (emphasis added). Plaintiff has not attributed any limitations to obesity. Plaintiff points to no evidence that any physician recommended restrictions due to obesity, or that her obesity caused any limitations. The ALJ explicitly stated, "there is no evidence in the record that any physician has given any indication that the claimant could be suffering from any [ ] impairment related to her weight." *See* Tr. at 19.

It is well established that the burden to demonstrate the existence of disabling limitations lies with the claimant. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981); *see also Fields v. Barnhart*, 83 F. Appx. 993, 997 (10th Cir. 2003) (where claimant failed to cite to any specific record evidence indicating that obesity in any way affected her ability to engage in basic work activities,

8

claimant's argument that the ALJ failed to adequately consider obesity was without merit). Because Plaintiff fails to establish any limitations relating to obesity, Plaintiff's argument fails.

  B. **Step Three: Mental Retardation**

Step Three of the sequential evaluation streamlines the disability process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of the claimant's vocational background. *Yuckert*, 482 U.S. at 153. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *See* Tr. 15, Finding 4.

Plaintiff challenges the ALJ's Step Three finding, asserting that she has intellectual deficits that meet all the criteria under Listing 12.05(B), *Mental Retardation*. Pl. Br. at 5-9. Even when an ALJ wholly fails to set forth the basis for a decision at Step Three, reversal on that basis is inappropriate unless the error affects the claimant's substantial rights. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Such error affects substantial rights only where the claimant appears to have met her burden to demonstrate that she meets or equals a listing. *Id*.

Here, the ALJ's Step Three finding does not affect the Plaintiff's substantial rights so as to constitute prejudicial legal error. Plaintiff fails to show that her condition satisfied the criteria of Listing 12.05. At Step Three of the evaluation process, the claimant bears the burden of proving that an impairment or combination of impairments meet or equal the criteria of an Appendix 1 listing. *Selders*, 914 F.2d at 619. The criteria in the medical listings are "demanding and stringent." *Falco*, 27 F.3d at 162. To establish that an impairment meets a listing, the claimant must provide medical findings that support *all* of the criteria for a listed impairment. *See Selders*, 914 F.2d at 619. An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). If the plaintiff fails to present proof satisfying the severity criteria,

the courts will find that substantial evidence supports the ALJ's finding that listings-level impairment was not present. *Selders*, 914 F.2d at 620.

The diagnostic description for Listing 12.05 defines mental retardation as, "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

Under subsection B, the required level of severity is met if the claimant has a valid verbal, performance, or full scale IQ of 59 or less. *Id*. To show listing-level mental retardation, a claimant must satisfy the diagnostic description's substantive requirements independently of the severity criteria. *See Randall v. Astrue*, 570 F.3d at 655-60.

1. *Plaintiff Fails to Show Significantly Subaverage Intellectual Functioning*

In support of Plaintiff's allegation of significantly subaverage general intellectual functioning, Plaintiff relies on the opinion of Howard Patterson, M.A., L.P.C., which was approved by Suzanne Reams, Psy.D. *See* Tr. 208-15; *see* also Pl. Br. at 6-7. Patterson's opinion, however, fell short of establishing significantly subaverage general intellectual functioning. Mr. Patterson noted that some of Plaintiff's test results "strongly suggest[] false and gross exaggeration of psychological symptoms in pursuit of financial incentives". *See* Tr. at 214-15. Thus, one of the diagnoses was "malingering". *See* Tr. at 214. In addition, Mr. Patterson/Dr. Reams refused to provide a firm diagnosis based on intellectual functioning, but rather gave only a "provisional" diagnosis of mild mental retardation. *See* Tr. at 215. This evidence does not establish significantly subaverage general intellectual functioning.

2. *Plaintiff Fails to Show Deficits in Adaptive Functioning.*

"Adaptive functioning," has been described as a person's "effectiveness in areas such as social skills, communication, and daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group." *Heller v. Doe*, 509 U.S. 312, 329 (1993). The Agency's definition of mental retardation is used not for

diagnostic purposes, but rather for purposes of program eligibility, *i.e.*, "to identify individuals with cognitive limitations who experience significant problems in their ability to perform work and who may therefore be in need of governmental support." *See* National Research Council report, *Mental Retardation: Determining Eligibility for Social Security Benefits (2002)* 3-4 (cited 68 Fed Reg. at 12639, 12640 (2003)). It therefore follows that a claimant's work history is "particularly useful in determining [his or her] ability or inability to function in a work setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(D)(3).

Plaintiff's work history belies her claim of deficits in adaptive functioning. Plaintiff worked as home healthcare provider from 2000 through 2002, and as a certified nurse's assistant (CNA) from 2003 through 2007. *See* Tr. at 32, 138. A vocational expert testified that the home-health work is classified at SVP (specific vocational preparation) level 3, and that the CNA work is classified at SVP level 4.[1] Thus, both occupations are classified under the regulations as semiskilled. *See* 20 C.F.R. §§ 404.1568(b), 416.968(b). The ability to adapt to the workplace for a long period has been recognized as weighing against finding deficits in adaptive functioning and/or mental retardation. *See West v. Comm'r Social Sec.*, 240 Fed. Appx. 692, 698 (6th Cir. 2007); *Humphries v. Barnhart*, 183 Fed. Appx. 887, 889 (11th Cir. 2006); *Robinson v. Astrue*, 2013 U.S. Dist. LEXIS 30426 (M.D. Ga. Feb. 12, 2013); *Carter v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 40828 (W.D. Mich. Mar. 26, 2012). Moreover, the ability to perform semiskilled work is inconsistent with adaptive functioning and/or mental

---

[1]The Social Security Administration has taken administrative notice of the *DOT*, which gives detailed requirements for a variety of jobs. *See* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). Appendix C of the *DOT* defines SVP as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991). SVP levels range from 1 (short demonstration only) to 9 (over ten years). *See id.* Using the skill level definitions in 20 C.F.R. §§ 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semiskilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT. SSR 00-4p. Although there may be a reason for classifying an occupation's skill level differently than in the DOT, the regulatory definitions of skill levels are controlling. *Id.*

retardation. *See Outlaw v. Barnhart*, 197 F. Appx. 825, 827 & n.1 (11th Cir. 2006); *Sheeks v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 42863 (E.D. Mich. Mar. 27, 2013); *Milstead v. Astrue*, 2012 U.S. Dist. LEXIS 152429 (W.D. Va. Oct. 23, 2012); *Cheatum v. Astrue*, 388 Fed. Appx. 574 (8th Cir. Mo. July 30, 2010).

When asked to indicate areas affected by her impairments, Plaintiff did not place check marks alongside areas relating to mental impairment. *See* Tr. at 151, 175, 176. She has stated that she drives; can cook and clean if she chose; and requires no assistance with eating, bathing, dressing, grooming, or personal hygiene. *See* Tr. at 34, 214. Courts have found these types of activities are also inconsistent with a diagnosis of mental retardation. *See Clark, v. Apfel*, 141 F.3d 1253, 1256 (8th Cir. 1998); *Hawkins v. Astrue*, 2010 U.S. Dist. LEXIS 104904, at *7-8, 19 (D. Md. Sept. 30, 2010); *Allen v. Astrue*, 2010 U.S. Dist. LEXIS 91061, at *4 (E.D. Ky. Aug. 31, 2010); *Redding v. Astrue*, 2010 U.S. Dist. LEXIS 96934, at *41-41 (S.D. Oh July 27, 2010).

The key term in the introductory paragraph of section 12.05 of the regulation, so far as bears on this case, is "deficits in adaptive functioning." The term denotes inability to cope with the challenges of ordinary everyday life. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders, Text Revision (DSMIV–TR)* 42 (4th ed.2000). A person who cannot cope with those challenges will have difficulty holding down a full-time job. In the Plaintiff's case, however, the record indicates that the Plaintiff is able to cope. Plaintiff has overcome her intellectual challenges well enough that she should be able to hold down a full-time job. Plaintiff fails to show that she has intellect deficits that satisfy the diagnostic description's substantive requirements under Listing 12.05, and does not argue that she meets or equals any other listed impairment. Therefore, substantial evidence supports the ALJ's Step Three determination that Plaintiff did not have a presumptively disabling impairment. *See* Tr. at 15 Finding 4; *see Selders v. Sullivan*, 914 F.2d 614, 620 (5th Cir.1990).

## C. Steps Four and Five: Residual Functional Capacity

Before proceeding to Steps Four and Five of the sequential evaluation, it was necessary for the ALJ to assess Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ found that Plaintiff was unable to perform any past relevant work. *See* Tr. at 20. The ALJ then found Plaintiff had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). *See* Tr. at 16, Finding 5. These regulations explain that light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

Even though the weight lifted may be very little, a job falls within this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id*. SSR 83-10 indicates that "a good deal of walking or standing" means a total of approximately six hours of an eight-hour workday. SSR 83-10.

Plaintiff asserts that, in assessing her RFC, the ALJ did not properly evaluate the opinion of a nonexamining State agency medical consultant (SAMC). *See* Pl. Br. at 9-12. Plaintiff argues that the ALJ did not explain why he did not incorporate the physician's opinion that Plaintiff could stand and/or walk for a total of two hours in an eight-hour workday. *See* Pl. Br. at 11. Thus, Plaintiff contends that the Commissioner's decision must be reversed and remanded. *See* Pl. Br. at 12. The Commissioner responds that any such error does not rise to the level of reversible error warranting remand. *See* Comm'r Br. at 11.

Pursuant to SSR 96-6p, the findings of fact made by SAMCs regarding the nature and severity of an individual's impairment "must be treated as expert opinion evidence of nonexamining sources." *Id*. The ALJ is not bound by findings made by a SAMC, but he may not ignore these opinions and must explain the weight given to the opinions in his decisions. *Id*. In the instant case, the ALJ stated he "considered [the] opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p". *See* Tr. at16. Although the ALJ referenced SSR

13

96-6p, he did not expressly implement the ruling by addressing the weight he assigned to the SAMC opinion. This was error, but procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is appropriate only if the procedural improprieties would cast doubt on the existence of substantial evidence to support the ALJ's decision. *Id.*

Because Plaintiff can perform light work, she can also perform sedentary work.[2] *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). SSR 83-10 explains that sedentary work generally requires an individual to walk and/or stand no more than two hours of an eight-hour workday. SSR 83-10. At the administrative hearing, the ALJ asked the vocational expert whether there were occupations available for a person with Plaintiff's vocational profile and the residual functional capacity for sedentary work. *See* Tr. at 45. The vocational expert responded in the affirmative and provided an example occupation: "final assembler," of which there are 61,000 such jobs in the national economy and 3,400 such jobs in the state. *See* Tr.at 45.

The Fifth Circuit has offered no test or "magic number" for determining when the number of jobs available is sufficient to support a finding at Step Five that a claimant is not disabled. The numbers referenced by the ALJ are well above numbers courts have found to be sufficiently significant to support a Step Five finding. *See Warren v. Astrue*, 2011 U.S. Dist. LEXIS 87152, 8-9 n. 2 (E.D. Tex. Aug. 5, 2011); *Perez v. Barnhart*, 415 F.3d 457, 460 (5th Cir. 2005) (2,500 jobs in the state and 25,000 jobs nationally are a "significant number of jobs"); *Anderson v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 32, 35 (6th Cir. 2010) (fewer than 1,000 regional jobs can be a significant number); *Hall v. Bowen*, 837 F.2d 272, 273, 275-76 (6th Cir.1988) (1,350 jobs is a significant number of jobs in local area and

---

[2]Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a).

national economy); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 regional jobs is a significant number); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (as few as 500 jobs were a significant number); *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 positions are a significant number of jobs); *Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir.1992) (850-1,000 potential jobs were a significant number of jobs).

Plaintiff cannot show prejudice because, even if the ALJ were required to fully incorporate the SAMC's opinion that Plaintiff could stand and/or walk no more than two hours, substantial evidence of record still supports the ALJ's Step Five determination that there are jobs that exist in significant numbers that Plaintiff could perform. *See* Tr. at 21, Finding 10.

## V. CONCLUSION

Substantial evidence supports the ALJ's ultimate conclusion that Plaintiff was not disabled. Therefore, the Commissioner's finding of "not disabled" should be affirmed. *See Morris*, 864 F.2d at 335; *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996) ("[The Court] will not reverse the decision of an ALJ where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

It is accordingly

**ORDERED** that the decision of the Commissioner is hereby **AFFIRMED** and this social security action is **DISMISSED WITH PREJUDICE**.

**SIGNED this 27th day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE